IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RICHARD D. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:20CV750 |
| ) | |
| OFFICER D. LANIER, ) | |
| in his individual capacity, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Richard D. Smith initiated this *pro se* action on or about June 8, 2020, in the General Court of Justice, Superior Court Division, for Guilford County, and the case was later removed by Defendants to this Court. (ECF No. 1 ¶ 1.) Plaintiff's Complaint asserts that he is suing Defendant P.T. Chavis, a magistrate in Guilford County, North Carolina, in his official capacity, among other Defendants,[1] under 42 U.S.C. § 1983 for violations of the First, Second, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (ECF No. 4 at 3.) Before the Court is only Defendant Chavis' unopposed[2] Motion to Dismiss

---

[1] Plaintiff sued High Point Police Officer D. Lanier and High Point Police Officer Jennings, (collectively, "Police Defendants") in their individual capacities. (ECF No. 4 at 2.) In addition, Plaintiff sued the High Point Detention Center Intake Night Shift, in their individual capacity. (*Id.* at 3.) Defendant High Point Detention Center Intake Night Shift was dismissed from this action by Judgment of this Court. (ECF No. 14.)

[2] Plaintiff was advised of his right to file a response to Defendant Chavis' Motion to Dismiss; yet he failed to do so. (*See* ECF Nos. 18; 19.) Under Local Rule 7.3(k) "[t]he failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect. . . . If a respondent failed to file a response

pursuant to Rules 12(b)(1), (2), (5), and (6) of the Federal Rules of Civil Procedure. (ECF No. 16.) Defendant Chavis moves to dismiss Plaintiff's claims against him arguing (1) that this Court lacks personal jurisdiction over him because service of process was insufficient; (2) that the Court lacks subject matter jurisdiction over Plaintiff's claims based on sovereign immunity; and (3) that Plaintiff has failed to state a claim upon which relief may be granted. (ECF No. 17 at 3–13.) For the reasons stated below, Defendant Chavis' Motion to Dismiss will be granted.

## I. STANDARDS OF REVIEW

### A. Rule 12(b)(2) and Rule 12(b)(5)

A challenge to personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure is a question of law, and the plaintiff bears the ultimate burden of proving jurisdiction. *See Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). The Fourth Circuit has observed that the plaintiff's burden of proof "varies according to the [procedural] posture of [the] case and the evidence that has been presented to the court." *Grayson*, 816 F.3d at 268.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. [S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (internal quotation omitted).

---

within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." LR 7.3(k).

A motion to dismiss made pursuant to 12(b)(5) attacks a complaint for insufficient service of process. *Wilson v. PNC Bank, N.A.*, No. 1:19CV472, 2020 WL 1144711, at *1 (M.D.N.C. Mar. 9, 2020). Effective service of process, i.e., the procedural component of personal jurisdiction, "is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see D'Addario v. Geller*, 264 F. Supp. 2d 367, 389 (E.D. Va. 2003) ("Due process requires that the service of process 'must be reasonably calculated to inform the defendant of the pendency of the proceedings in order that he may take advantage of the opportunity to be heard in his defense.'" (quoting *Mariash v. Morrill*, 496 F.2d 1138, 1143 (2d Cir. 1974))). When a defendant challenges the sufficiency of service, the plaintiff has the burden of showing that service of process complies with the procedural requirements set forth in Rule 4. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 773 (E.D.N.C. 2011); *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996).

B.   Rule 12(b)(1)

Under Rule 12(b)(1), a party may seek dismissal based on the court's "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is a threshold issue that relates to the court's power to hear a case and must be decided before a determination on the merits of the case. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479–80 (4th Cir. 2005). Generally, a motion under Rule 12(b)(1) raises the question of "whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The burden of proving subject matter jurisdiction rests with the plaintiff.

3

*Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

## II. DISCUSSION

Both lack of personal jurisdiction based on insufficiency of process pursuant to Rules 12(b)(2) and (5), and lack of subject matter jurisdiction based on sovereign immunity pursuant to Rule 12(b)(1) are threshold matters in that each must be addressed before the Court can address the merits of Plaintiff's claims. The Court will address each in turn below.

### A. Insufficiency of Service of Process

Defendant Chavis first moves to dismiss arguing that "Plaintiff failed to comply with the state and federal rules for service of process on a state official," by "directing process to be served on Defendant Chavis at the High Point Detention Center." (ECF No. 17 at 4.)

Rule 4(j)(2) of the Federal Rules of Civil Procedure governs service of process on a state entity.[3] The rule requires that service must be made (1) on the chief executive officer of the state; or (2) "in the manner prescribed by that state's law for serving a summons of like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under North Carolina law, magistrates are officers of the District Court Division of North Carolina's General Court of Justice. N.C. Const. art. IV, § 10; N.C. Gen. Stat. § 7A-170. Service on state officers must be made on the appointed process agent. N.C. Gen. Stat. § 1A-1, 4(j)(4)(b), (d). If a designated process agent does not exist, then process must be made on either the North Carolina Attorney General or a deputy or assistant attorney general. § 1A-1, 4(j)(4)(c).

---

[3] Because Defendant Chavis is being sued in his official capacity, the claims against him are treated as claims against the state entity to which he belongs. "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal quotation omitted).

4

North Carolina courts have long recognized that the rules governing service of process are to be "strictly enforced to [e]nsure that a defendant will receive actual notice of a claim against him." *Grimsley v. Nelson*, 467 S.E.2d 92, 94 (N.C. 1996). However, North Carolina courts "have repeatedly held that actual notice is not a valid substitute for service when that service does not comply with the statute." *Stack v. Union Reg'l Mem'l Med. Ctr., Inc.*, 614 S.E.2d 378, 382 (N.C. Ct. App. 2005) (collecting cases); *see also Roshelli v. Sperry*, 291 S.E.2d 355, 356 (N.C. Ct. App. 1982) ("It is generally held that process must be issued and served in the manner prescribed by statute, and failure to do so makes the service invalid even though a defendant had actual notice of the lawsuit."). Compliance with the rules applies "equally to litigants proceeding with or without counsel." *Wilson*, 2020 WL 1144711, at *2 (quoting *Shaver v. Cooleemee Volunteer Fire Dep't*, Civil Action No. 1:07cv00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008)); *see also Warren v. GBF Med. Grp.*, No. 1:21-CV-491, 2021 WL 3742129, at *2 (M.D.N.C. Aug. 24, 2021) ("Even *pro se* litigants must follow the proper procedural rules of the court. And it is not the court's role to become an advocate for the *pro se* litigant.").

Here, Defendant Chavis did not appoint an agent for service of process. *See* North Carolina Department of Justice, Process Agent Directory, https://ncdoj.gov/legal-services/legal-resources/process-agent-directory/ (last visited Mar. 28, 2022). Therefore, to effect proper service of process, Plaintiff was required to serve either the North Carolina Attorney General or a deputy or assistant attorney general. Instead, Plaintiff directed service to be served on Defendant Chavis personally to the High Point Detention Center, located at 507 E. Green Dr., High Point, North Carolina. (ECF No. 9; *see* ECF No. 13.) By serving

5

Defendant Chavis personally, Plaintiff did not effect service of process in accordance with North Carolina law as set forth in Rule 4(j). Because service of process was improper, this Court lacks personal jurisdiction over Defendant Chavis, and therefore, Plaintiff's claims against him should be dismissed.

### B. Sovereign Immunity

Even if service of process could later be cured, this action would nonetheless be dismissed, because Plaintiff's claims against Defendant Chavis are barred by Eleventh Amendment immunity. The Fourth Circuit has "been unclear on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)." *Andrews v. Daw*, 201 F.3d 521, 524 n.2 (4th Cir. 2000). Several recent Fourth Circuit opinions, however, have recognized the jurisdictional characteristics of the Eleventh Amendment. *See, e.g., McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014); *Carpenters Pension Fund of Balt. v. Md. Dep't of Health & Mental Hygiene*, 721 F.3d 217, 220, 223 (4th Cir. 2013); *Constantine*, 411 F.3d at 480–81. While Eleventh Amendment immunity contains characteristics of subject matter jurisdiction in that a state may raise immunity at any time, it "is not strictly an issue of subject-matter jurisdiction" because, unlike subject matter jurisdiction, Eleventh Amendment immunity "may be waived by the [s]tate altogether."[4] *Constantine*, 411 F.3d at 481, 482. According to the Supreme Court, "[t]he Eleventh Amendment . . . does not automatically destroy original jurisdiction. Rather, [it] grants the State a legal power to assert a sovereign

---

[4] *See also Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that "no action of the parties can confer subject-matter jurisdiction upon a federal court" and thus consent, waiver, or estoppel do not apply).

immunity defense should it choose to do so." *Wis. Dep't. of Corrs. v. Schacht*, 524 U.S. 381, 389 (1998).

Though "not a true limit on the subject-matter jurisdiction of the federal courts, the Eleventh Amendment is a block on the exercise of that jurisdiction." *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48 (4th Cir. 1996) (internal quotation omitted); *accord Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) (stating that Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction"). Once asserted by the state, such immunity becomes a threshold issue that must be resolved before the court can address any of a plaintiff's claims. *See Constantine*, 411 F.3d at 482 ("Given the States' unique dignitary interest in avoiding suit, it is no less important to resolve Eleventh Amendment immunity questions as soon as possible after the State asserts its immunity." (citation and footnote omitted)). District courts within the Fourth Circuit have generally considered this immunity defense under Rule 12(b)(1). *See, e.g., Hutto v. S.C. Ret. Sys.*, 899 F. Supp. 2d 457, 466 (D.S.C. 2012); *Beckham v. Nat'l R.R. Passenger Corp.*, 569 F. Supp. 2d 542, 547 (D. Md. 2008).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This immunity "extends beyond the literal text of the Eleventh Amendment to prevent a state from being sued by one of its own citizens without its consent." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 329 (4th Cir. 2001). Simply put, "Eleventh Amendment immunity protects the States, their agencies, and officials from suit in federal

court." *Allen v. Cooper*, 895 F.3d 337, 347 (4th Cir. 2018) (emphasis omitted), *aff'd*, 140 S. Ct. 994, 206 L. Ed. 2d 291 (2020). Ultimately, the "guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). While 42 U.S.C. § 1983 does allow for suits for damages against state officials in their individual capacities, it *does not allow for suits for money damages against state officials in their official capacities*. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989).

Here, as a magistrate, Defendant Chavis "is an officer in North Carolina's judicial branch of government." (ECF No. 17 at 6); *see also* N.C. Const. art. IV, § 10; N.C. Gen. Stat. § 7A-170. When filling out his form Complaint, Plaintiff listed Defendant Chavis as a defendant and then checked the "Official capacity" box while leaving the "Individual capacity" box blank. (ECF No. 4 at 3.) Thus, Plaintiff indicated that he is only suing Defendant Chavis in his official capacity. Plaintiff seeks monetary damages for his alleged injury. (*Id.* at 5.) Because § 1983 does not allow for suits for monetary damages against a state official in his official capacity, Plaintiff's claims against Defendant Chavis are barred by Eleventh Amendment immunity and will be dismissed.

Accordingly, Defendant Chavis is entitled to judgment as a matter of law as to all § 1983 claims brought against him by Plaintiff.

For the reasons stated herein, the Court enters the following:

8

Case 1:20-cv-00750-LCB-JLW Document 20 Filed 03/28/22 Page 8 of 9

## ORDER

**IT IS THEREFORE ORDERED** that Defendant Chavis' Motion to Dismiss Plaintiff's Amended Complaint, (ECF No. 16), is **GRANTED** and Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Defendant Chavis are hereby **DISMISSED**.

This the 28th day of March 2022.

/s/ Loretta C. Biggs
United States District Judge

9

Case 1:20-cv-00750-LCB-JLW   Document 20   Filed 03/28/22   Page 9 of 9