# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RICHARD D. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:20CV750 |
| ) | |
| OFFICER D. LANIER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on two motions—a motion to dismiss pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure and the Court's inherent power to dismiss a case for lack of prosecution filed by Defendants Officers D. Lanier and Jennings (Docket Entry 31), and Plaintiff Richard D. Smith's motion for an extension of time to "reply to [D]efendants requests" (Docket Entry 36). The matters have been briefed and are ripe for review. For the following reasons, the undersigned will recommend denying Defendants' motion to dismiss, and Plaintiff's motion for an extension of time will be granted, in part, as described herein.

## I. BACKGROUND

On June 8, 2020, *pro se* Plaintiff filed his "Civil Rights" complaint in North Carolina State Court. (Docket Entries 1, 1-1, 4.) Thereafter, Defendants removed the action to federal

1

court. (Docket Entry 1.)[1] After discovery commenced, Defendants moved pursuant to Rule 37 to compel Plaintiff to respond to Defendants' first set of interrogatories and first request for production of documents. (Docket Entry 27.) In an October 4, 2022 Order granting Defendants' motion to compel, in part, the undersigned noted ongoing issues in this matter concerning the difficulties communicating with Plaintiff. (*See* Docket Entry 29.) This included defense counsel's returned mail regarding discovery sent to Plaintiff (*id.* at 3 (citing Docket Entries 28, 28-2, 28-4)), the Mediator's returned mail sent to Plaintiff (*id.* (citing Docket Entry 28-5)), and the Court's attempt to mail Plaintiff a "Notice" of a jury trial tentatively set for July 10, 2023, which was returned as "unable to forward" (*id.* (citing Docket Entries 25, 26)). That Order also referenced a previous time in which Plaintiff was forewarned that he is obligated to keep the Court informed of his current mailing address as a party appearing *pro se*. (*Id.* at 2-3 (citing Docket Entry 23).) Along with granting Defendants' motion to compel, Plaintiff was ordered to update his mailing address with the Court no later than October 31, 2022, or this action could be dismissed. (*Id.* at 3.) However, the envelope with the October 4, 2022 Order was returned to the Court, as the "Forward Time Exp[ired]." (*See* Docket Entry 30.)

On November 22, 2022, Defendants moved to dismiss the case in its entirety under Rules 37 and 41 due to Plaintiff's failure to engage in discovery, comply with the Court's orders, and prosecute the case. (Docket Entries 31, 32.) The following day Plaintiff filed a document docketed as a notice of change of address, stating that his mailing address was 1013 Duke Street, Greensboro, North Carolina 27406. (Docket Entry 34.) The Clerk of Court

---

[1] The other named Defendants have been dismissed from this action. (*See* Docket Entries 14, 20.)

then issued a *Roseboro* letter to Plaintiff advising him of his right to respond to Defendants' motion to dismiss. (*See* Docket Entry 33.) On November 28, 2022, Plaintiff filed a motion essentially seeking an extension of time—sixty (60) days—to respond to Defendants' discovery requests because he was incarcerated from June 16, 2022 through October 12, 2022 and unable to comply. (Docket Entry 36.)[2]

## II. DISCUSSION

### A. Defendants' Motion to Dismiss

Defendants contend that this case should be dismissed because Plaintiff has failed to respond to Defendants' discovery requests and comply with the Court's orders; his noncompliance has "clearly prejudiced" Defendants; the need to deter his level of unresponsiveness and lack of participation in the discovery process is obvious, as it delays the resolution of disputes; and his behavior would not be altered by less drastic sanctions. (*See* Docket Entries 31, 32.)

"Rule 37 provides that parties in civil proceedings must comply with discovery requests, court orders regarding discovery, and discovery plans, and it allows a court to issue sanctions for failure to comply." *Berry v. S.C. Dep't of Soc. Servs.*, No. 95-2678, 1997 WL 499950, at *6 (4th Cir. Aug. 25, 1997) (unpublished). The Fourth Circuit has held that a court contemplating dismissal as a sanction for failure to comply with discovery orders "must consider four factors: (1) whether the non-complying party acted in bad faith; (2) the degree of prejudice suffered by the other parties as a result of the failure to comply; (3) the deterrence

---

[2]Plaintiff has also signed a *pro se* authorization form to receive documents electronically. (Docket Entry 35.)

value of dismissal as a sanction for this sort of non-compliance; and (4) the efficacy of a less drastic sanction." *Id.* (citation omitted).

Additionally, "Rule 41(b) allows a court to dismiss a claim for failure of the plaintiff to prosecute the claim or for the plaintiff's failure to comply with court orders regarding the litigation." *Id.* "The test for dismissal pursuant to Rule 41(b) is similar to that for Rule 37" and the court must consider: "(1) the degree of the plaintiff's personal responsibility for the failures; (2) the amount of prejudice caused to the defendant; (3) the existence of a history of the plaintiff deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction." *Id.*; *see also Taylor v. Fresh Fields Mkts., Inc.*, No. Civ. A. 94-0055-C, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996) (unpublished) (citation omitted) ("Because 'the legal standard for dismissals under Rule 37 [for failure to conduct discovery] is virtually the same as that for dismissals to prosecute,' the court will combine its analysis of the question whether dismissal is appropriate under Rules 37(d) and 41(b)."). Further, the Fourth Circuit has reminded courts, that "dismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith." *Berry*, 1997 WL 499950, at *6.

Moreover, "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

Here, after considering the relevant factors listed above, the undersigned concludes that dismissal is an extreme sanction that is not warranted at this time. Specifically, while Plaintiff bears sole responsibility for his non-compliance as he is proceeding *pro se* and

4

Defendants have been prejudiced by Plaintiff's delays during discovery, the record does not reflect that Plaintiff displayed callous disregard to his obligations or exhibited very bad faith. Plaintiff has indicated that he was unable to comply with Defendants' discovery requests due to being incarcerated for several months.[3] (Docket Entries 36, 39.) Further, the record reflects he has now updated his mailing address, and has consented to electronic service, which will expedite his awareness of any further Court orders. (*See* Docket Entries 34, 35.) Additionally, limiting the discovery materials and depositions sought will lessen the burden on Defendants and will serve as an effective, less drastic, sanction for Plaintiff halting discovery during his previous period of incarceration.[4] *Young v. Campbell Cnty. Det. Ctr.*, No. 08-132-WOB, 2009 WL 10677264, at *1 (E.D. Ky. Nov. 30, 2009) (unpublished) ("Dismissal rarely if ever is imposed prior to the imposition of a lesser sanction."). Thus, the undersigned recommends denying Defendants' motion to dismiss.[5]

---

[3] The undersigned notes that Plaintiff should have engaged in discovery during the months of his incarceration. *See Young*, 2009 WL 10677264, at *1 ("A litigant's incarceration, should that event occur, does not preclude the litigation from continuing. If plaintiff is arrested, he may be deposed while incarcerated . . . and may continue to conduct discovery on his own behalf, subject to applicable Federal Rules of Civil Procedure."). Should Plaintiff face another period of incarceration, this litigation will continue, subject to applicable Federal Rules of Civil Procedure.

[4] While Defendants move for complete dismissal, they also argue *in the alternative* that should the Court not be inclined to grant dismissal, Defendants request that the Court extend the discovery deadline by sixty (60) days from the Court's ruling on the instant motion to dismiss for the sole purpose of permitting Defendants to receive Plaintiff's responses to Defendants' discovery requests and taking Plaintiff's deposition; extend the mediation deadline by an additional sixty (60) days; and extend the dispositive motions deadline by an additional ninety (90) days. (Docket Entries 31, 32.) Plaintiff does not oppose the discovery limitations requested by Defendants. (*See* Docket Entries 38-40.) In light of this the Court amends the discovery period as described herein.

[5] Defendants also request for the Court to award Defendants their reasonable costs and attorneys' fees incurred in bringing the motion to dismiss. (Docket Entries 31, 32.) However, the undersigned recommends denying that request, given that Plaintiff filed an affidavit of indigency in State Court indicating his inability to pay the filing fee. (*See* Docket Entry 1-1 at 9-10).

### B. Plaintiff's Motion for Extension of Time

As stated above, Plaintiff filed a motion for an extension of time, essentially requesting sixty (60) days to respond to Defendants' discovery requests, as he was unable to comply due to being incarcerated. (Docket Entry 36.) "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The 'good cause' standard for securing an amendment of the time-limits in a scheduling order does not require a litigant to go so far as to show 'manifest injustice' or 'substantial hardship.'" *Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08CV00918, 2010 WL 1418312, at *3 (M.D.N.C. Apr. 2, 2010) (unpublished) (citation omitted). Here, in light of the recommendation, Defendants alternative argument, and for good cause shown, the undersigned will grant Plaintiff's motion, in part, and will amend the scheduling order as stated herein. However, Plaintiff is warned that if he fails to comply with this Court order or fails to engage in discovery, it is highly likely that this action will be dismissed for failure to prosecute under Rule 41(b).

### III. CONCLUSION

Accordingly, **IT IS HEREBY RECOMMENDED** that Defendants Officers D. Lanier and Jennings's motion to dismiss (Docket Entry 31) be **DENIED**.

**IT IS HEREBY ORDERED** that Plaintiff's motion for an extension of time (Docket Entry 36) is **GRANTED IN PART** to the extent described herein, and the parties should not anticipate any further extensions of the deadlines. Therefore, the scheduling order is amended as follows:

- The date for Plaintiff to respond to Defendants' first set of interrogatories and first request for production of documents is January 30, 2023.

- The date for completion of all discovery is February 28, 2023, which will only include Plaintiff responding to Defendants' discovery requests and allowing Defendants to take Plaintiff's deposition.

- The date for mediation to be conducted is February 28, 2023.

- The date for filing dispositive motions is March 20, 2023, with responses to said motions due no later than April 10, 2023, and replies due no later than ten (10) days after the filing of any response briefs.

**IT IS HEREBY ORDERED** that due to the shortened discovery period, the parties shall proceed with discovery while the Court rules on the instant recommendation.

This, the 29th day of December, 2022.

／s／ Joe L. Webster
Joe L. Webster
United States Magistrate Judge